UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW RYAN ARNOLD,<br><br>　　　　　　Plaintiff(s),<br><br>　v.<br><br>UNITED STATES GOVERNMENT,<br><br>　　　　　　Defendant(s). | CASE NO. C25-2179-KKE<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE |

Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"), which U.S. Magistrate Judge Michelle Peterson granted. Dkt. Nos. 1, 3. Judge Peterson recommended that before summons are issued, however, that the Court review Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 3.

A complaint filed by any person seeking to proceed IFP under 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (applying § 1915 review to non-prisoner IFP plaintiffs). Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint must contain factual allegations sufficient "to raise a

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE - 1

right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Although Rule 8 "does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

In this case, Plaintiff sues the United States Government, complaining that the United States Constitution does not provide a jurisdictional opt-out mechanism before subjecting Plaintiff to "laws, enforcement, taxation, and representation[,]" asserting "that this structure constitutes involuntary servitude under the 13th Amendment." Dkt. No. 4 at 2.  The complaint's prayer for relief explains that "Plaintiff seeks declaratory and injunctive relief to remedy the absence of a constitutional consent mechanism and to propose a participatory alternative[,]" specifically a constitutional amendment. *Id*. at 2–3.

Article V of the United States Constitution explains the constitutional amendment process:

> The Congress, whenever two thirds of both houses shall deem it necessary, shall propose amendments to this Constitution, or, on the application of the legislatures of two thirds of the several states, shall call a convention for proposing amendments, which, in either case, shall be valid to all intents and purposes, as part of this Constitution, when ratified by the legislatures of three fourths of the several states, or by conventions in three fourths thereof, as the one or the other mode of ratification may be proposed by the Congress; provided that no amendment which may be made prior to the year one thousand eight hundred and eight shall in any manner affect the first and fourth clauses in the ninth section of the first article; and that no state, without its consent, shall be deprived of its equal suffrage in the Senate.

The Constitution therefore vests the amendment power in Congress, rather than the judicial branch. Moreover, Article III of the United States Constitution limits the jurisdiction of federal courts to deciding "Cases" and "Controversies," which in turn requires that "at least one plaintiff must have standing to sue." *Dep't of Com. v. New York*, 588 U.S. 752, 766 (2019). "To have standing, a plaintiff must allege an injury in fact 'that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling.'" *Id.* (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008)).

Because the Court lacks the power to redress Plaintiff's demand for a constitutional amendment, the Court lacks subject matter jurisdiction over Plaintiff's claims. And because no amendment could cure the deficiencies in Plaintiff's complaint, the Court DISMISSES Plaintiff's complaint without prejudice and without leave to amend.

Dated this 14th day of November, 2025.

Kymberly K. Evanson
United States District Judge